**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

BAHRAM ZAMANIAN                                                  CIVIL ACTION

VERSUS                                                                      NO: 17-1087

JEFFERSON PARISH HOSPITAL                            SECTION: A (4)
SERVICE DISTRICT NO.2, et al.

**ORDER**

Before the Court is a Motion to Dismiss for Failure to State a Claim (Rec. Doc. 10) filed by Defendant Jefferson Parish Hospital Service District No. 2. Also before the Court is another Motion to Dismiss for Failure to State a Claim (Rec. Doc. 14) filed by Defendant Jefferson Parish Hospital Service District No. 2. Plaintiff opposes both Motions. (Rec. Doc. 17). The Motions, set for submission on May 31, 2017 and July 12, 2017, respectively, are before the Court on the briefs without oral argument.[1]

## I.     Background

This matter arises out of the alleged wrongful termination of Plaintiff Bahram Zamanian by Defendant following an incident that took place on October 6, 2013. Plaintiff brought this lawsuit against Defendant seeking damages for alleged denial of his right to due process in violation of 42 U.S.C.A. § 1983 and breach of contract, and seeking a permanent injunction ordering Defendant to: rescind its summary suspension of Plaintiff's hospital privileges, restore Plaintiff's hospital admitting privileges with all benefits due him, refrain from further harassing, retaliatory and unlawful conduct towards Plaintiff, and  rescind and withdraw Report No. 5500 000109022215 filed by Defendant with the National Practitioners Data Bank. Plaintiff asserts that the Defendant violated 1) 42 U.S.C.A. §1983 and the Louisiana Constitution by denying Plaintiff's

---

[1] The Court notes that Plaintiff has requested oral argument on Defendant's Motions to Dismiss, but finds that oral argument is not necessary.

right to due process, and 2) Louisiana state law for improper termination of Plaintiff's admitting privileges and breach of contract.

At the time Defendant filed its first Motion to Dismiss, two Plaintiffs were in this matter Dr. Bahram Zamanian and Bahram Zamanian, M.D., APMC. However, Plaintiffs subsequently amended their Complaint and filed a Notice of Voluntary Dismissal, dismissing all claims of Plaintiff Bahram Zamanian, M.D., APMC against Defendant but maintaining Plaintiff Bahram Zamanian's claims. Thus, the Court will only address Plaintiff Bahram Zamanian's claims against Defendant.

## II.    Analysis

Defendant argues that Plaintiff's claims against it should be dismissed because 1) Plaintiff's contentions in his Complaint are conclusory and do not meet the standard under Twombly/Iqubal, 2) Plaintiff's Complaint fails to establish a property interest to assert a due process and Louisiana Constitution claim, 3) even if Plaintiff can establish a property interest, Defendant cannot be liable for the action of its employees that were allegedly in violation of Plaintiff's due process rights, 4) Plaintiff's complaint fails to set forth allegations that plausibly show that Defendant's by-laws violate due process requirements or were violated by a policymaker, 5) Plaintiff's complaint fails to set forth allegations that plausibly show that Defendant or an employee denied Plaintiff's due process rights, and 6) Defendant is entitled to immunity under the Healthcare Quality Improvement Act.

In the context of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney*,

Ltd., 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the Complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Ashroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### a. Twombly/Iqbal Standard

The Court is not persuaded by Defendant that Plaintiff's Complaint fails to meet the standard under Twombly/Iqbal. Under the Twombly/Iqbal standard, Plaintiff need only plead sufficient facts to state a claim that is facially plausible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). He may do so by submitting factual content from which the Court may reasonably infer that Defendant is liable for the alleged misconduct. *Id.* In his Complaint, Plaintiff gives great factual detail on the incident that took place on October 6, 2013, as well as the peer review process which Plaintiff alleges violated his due process rights. Plaintiff's Complaint alleges facts surrounding the hearing on his summary suspension conducted by the Medical Executive

Committee, why he was not present at the meeting, and why the Committee's grounds did not

meet the standards of Defendant's by-laws. (Rec. Doc. 1). Additionally, Plaintiff filed an Amended

Complaint which added "[n]ew paragraphs to the existing Complaint" and gave detail as to the

evidence presented in the hearing and the reasoning of the medical review panels. (Rec. Doc. 13).

Given the factual content in Plaintiff's Complaint and Amended Complaint concerning the

incident on October 6, 2013 and subsequent review procedures, the Court finds that Plaintiff's

pleadings meet the standard under Twombly/Iqbal.[2]

### b. Violation of Due Process Rights

Defendant asserts that Plaintiff's claim under 42 U.S.C. §1983 and the Louisiana

Constitution should be dismissed because Plaintiff fails to sufficiently establish a property interest

protected by his right to due process. Even if a constitutionally protected property interest exists,

Defendant asserts that Plaintiff's constitutional claims fail, advancing a number of alternative

arguments. Defendant claims that Plaintiff cannot show Defendant is liable for the acts of its

employees, Defendant's by-laws are in violation of due process requirements, Defendant violated

its by-laws, or that Plaintiff did not receive sufficient due process under the law.

The Louisiana Supreme Court uses the same standards in analyzing deprivation of due

process claims in violation of the Louisiana Constitution as the Supreme Court of the United States

uses when addressing violations of the United States Constitution. *Denham Springs Economic*

*Development Dist. v. All Taxpayers, Property Owners and Citizens*, 945 So.2d 665, 681 (La. 2006)

(citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). Because the standards

---

[2] The Court notes that Defendant argues Plaintiff's Amended Complaint should be read to supersede his original Complaint. The Court finds, however, that the Amended Complaint was clearly written to be read in addition to the original Complaint because Plaintiff set forth "[n]ew paragraphs to the existing Complaint." (Rec. Doc. 13).

for violation of Plaintiff's right to due process is the same under Federal and Louisiana law, the Court will address them as one.

The Court disagrees with Defendant's that Plaintiff has failed to set forth allegations establishing a property interest that is protected by his right to due process. Plaintiff alleges that Defendant terminated Plaintiff's hospital admitting privileges without first affording him sufficient due process protection. The United States Court of Appeals for the Fifth Circuit has held that staff privileges in a public hospital constitute "a liberty interest subject to procedural due process safeguards." *Shaw v. Hospital Authority of Cobb County*, 507 F.2d 625, 628 (5th Cir. 1975). More recently, the Fifth Circuit "confirmed the principle that one has a constitutionally protected liberty interest in pursuing a chosen occupation," noting its previous holding in *Shaw* that a physician's staff privileges at a public hospital for purposes of engaging in his occupation involved a liberty interest protected by the Fourteenth Amendment. *Stidham v. Texas Com'n on Private Sec.*, 418 F.3d 486, 491 (5th Cir. 2005). Thus, according to the law in this Circuit, Plaintiff's hospital admitting privileges constitute a property interest that is protected by his right to due process.

The Court finds that Plaintiff's constitutional claims against Defendant fail because he received sufficient due process protection on the suspension of his hospital privileges. The record shows that the process by which Plaintiff lost his privileges at East Jefferson General Hospital ("EJGH") proceeded as follows: 1) Plaintiff's privileges were summarily suspended on October 6, 2013, after which he received a letter listing the grounds of his suspension; 2) the Medical Executive Committee of EJGH then convened on October 8, 2013 to review Plaintiff's summary suspension, which was affirmed, after which Plaintiff received another letter from the Chief of Staff detailing the grounds of the affirmation; and 3) then on October 10, 2013, EJGH's Medical Staff Appropriateness of Care Committee met to review Plaintiff's suspension and voted to support

the suspension. (Rec. Doc. 1). Thereafter, Plaintiff invoked EJGH's internal grievance process, which involved taking depositions and culminated in a hearing before a panel of five physicians conducted over three days on January 5, February 23, and March 2, 2016. Plaintiff was represented by counsel and was able to put on evidence at this hearing, including testimony of witnesses, but his suspension was affirmed by the panel. (Rec. Doc. 1). Finally, Plaintiff appealed the decision of the panel to the EJGH's Board of Directors who affirmed Plaintiff's suspension in April, 2016. (Rec. Doc. 1).

Plaintiff's privileges were suspended summarily on October 6, 2013. The United States Court of Appeals for the Fifth Circuit has stated that "due process does not require an extensive formal hearing prior to a summary suspension of medical privileges, so long as an adequate post-termination remedy exists." *Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991). As for post-termination procedures, the Fifth Circuit has held that a hospital afforded a physician adequate due process when it granted "him a multi-step peer review and appeal process pursuant to the hospital's medical staff by-laws." *Soriano v. Neshoba County General Hosp. Bd. of Trustees*, 486 Fed.Appx. 444, 446 (5th Cir. 2012). In *Soriano*, the physician had assistance of counsel at a formal hearing and was able to testify and cross-examine witnesses before his privileges were revoked, which the Fifth Circuit found to be adequate because due process essentially requires notice and an opportunity to be heard. *Id.* (citing *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 562 (5th Cir. 2003)). Similarly, the Fifth Circuit found that a physician "received all the due process required by the Constitution, when a full investigation was conducted by a committee at which the physician was allowed to address the committee, and the physician was allowed to appeal the recommendation of the committee." *Darlak v. Bobear*, 814 F.2d 1055, 1063-64 (5th Cir. 1987).

Plaintiff argues that his due process rights were violated because he was not able to testify at the first review of his suspension. Plaintiff did not appear when the Medical Executive Committee convened, alleging that he was under the impression he was prohibited from stepping foot on hospital grounds, even though the letter giving him notice about the meeting stated that he was allowed to attend. (Rec. Doc. 10-1). Nonetheless, Plaintiff was able to attend the Medical Staff Appropriateness of Care Committee's review of his suspension, was represented by counsel at the physician panel through EJGH's internal grievance process, and appealed directly to EJGH's Board of Directors. As a result, his absence at the first review of his suspension is of no avail. Plaintiff also argues that every review of his suspension was biased because the members of the review boards were employees of EJGH. The Fifth Circuit, however, has stated that a physician's argument that he was the victim of biased "decision-making is of no moment," when the Plaintiff cites nothing more than a risk of an erroneous decision by the participation of his competitors. *Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991). Plaintiff gives no reason why the numerous panels that reviewed his suspension were biased, and the Court finds none.

Plaintiff's suspension was reviewed by two separate committees, a panel of physicians over a three-day hearing, and the hospital's Board of Directors. He conducted discovery, presented and cross-examined witnesses, submitted affidavits, and gave his statement of the incident through writing and before the different committees/panels. Given the extensive review process of Plaintiff's suspension and the law in this Circuit, the Court finds that Plaintiff was afforded sufficient due process protection on the suspension of his hospital privileges. Given that the Court has found Plaintiff's constitutional allegations fail because he received sufficient due process protection, the Court need not address Defendant's remaining arguments for dismissal.

c. **Healthcare Quality Improvement Act**

Defendant argues that it is entitled to immunity for Plaintiff's wrongful termination and breach of contract claims under the Healthcare Quality Improvement Act ("HCQIA"), which provides that participants in a peer review shall not be liable in damages with respect to the action. 42 U.S.C. § 11111(a). Plaintiff points out that immunity is only afforded to professional review actions after adequate notice and hearing procedures are afforded to the physician, and he argues that he was not afforded adequate notice and hearing procedures. Defendant argues that it has provided adequate notice and hearing procedures and, even if it didn't, the HCQIA provides an exception to the adequate notice and hearing requirement.

> The HCQIA provides immunity from damages for professional review actions that are taken:
>
> (1) in the reasonable belief that the action was in the furtherance of quality health care,
> (2) after a reasonable effort to obtain the facts of the matter,
> (3) after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances, and
> (4) in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after meeting the requirement of paragraph (3).
> A professional review action shall be presumed to have met the preceding standards necessary for the protection set out in section 11111(a) of this title unless the presumption is rebutted by a preponderance of the evidence. 42 U.S.C.A. § 11112(a) (2006).

The HCQIA provides a "safe harbor" set of procedures that, if given, means that the "health care entity is deemed to have met the adequate notice and hearing requirement." *Poliner v. Texas Health Systems*, 537 F.3d 368, 381-81 (5th Cir. 2008); (citing 42 U.S.C. § 11112(b) (2006)). Under § 11112(c) the HCQIA allows for "immediate suspension or restriction of clinical privileges, subject to subsequent notice and hearing or other adequate procedures, where the failure to take such an action may result in an imminent danger to the health of any individual." 42 U.S.C. § 11112(c)(2) (2006).

The United States Court of Appeals for the Fifth Circuit has held that "whatever procedural failings may have accompanied [the physician's] initial suspension were authorized under section 11112(c)" when a physician's hospital privileges were suspended after miscommunication occurred between physicians and the nurses that put the physician's patient in danger. *Johnson v. Spohn*, 334 Fed.Appx. 673, 682 (5th Cir. 2009). Defendant maintains that the procedure under 11112(c) applies to Plaintiff's suspension because the Complaint reveals that circumstances existed that could result in the imminent danger to the health of a patient. (Rec. Doc. 10-1). The patient was a cardiology patient who appeared to be suffering from a heart attack and a dispute arose between Plaintiff and the on-call cardiologist that resulted in conflicting orders to nurses regarding the patient. (Rec. Doc. 1). Additionally, Plaintiff had "a history of conflicts with hospital administrators" and had already lost his interventional cardiology privileges before the incident.

Given the circumstances of the incident and Fifth Circuit precedent, the Court finds that the procedure under 11112(c) applies to Plaintiff's suspension, and that the professional review action is presumed to have met the standards necessary for protection under the HCQIA. Having found that Defendant is protected by HCQIA, the burden is on Plaintiff to rebut the presumption by a preponderance of the evidence. *Johnson v. Spohn*, 334 Fed.Appx. 673, 679 (5th Cir. 2009). Aside from his assertion that Defendant failed to provide the notice and hearing requirement, Plaintiff provides no specific allegation as to why Defendant is not entitled to HCQIA immunity. However, as other courts in this district have done, this Court is inclined to "provide[] the Plaintiff with an opportunity to conduct further discovery" given that this matter is still in the early stages of litigation and immunity is often invoked on a motion for summary judgment, not a motion to dismiss. *Onel v. Tenet Healthsystems*, 2003 WL 22533616, at *2 (E.D. La. 2003) (Fallon, J.).

Accordingly;

**IT IS ORDERED** that the Motion to Dismiss (Rec. Doc. 10) filed by Defendant is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Rec. Doc. 14) filed by Defendant is **GRANTED IN PART** and **DENIED IN PART**. The Motion is granted insofar as it relates to Plaintiff's claims under 42 U.S.C.A. §1983 and the Louisiana Constitution. The Motion is denied insofar as it relates to Plaintiff's Louisiana state law claims for wrongful termination of Plaintiff's admitting privileges and breach of contract.

New Orleans, Louisiana this 14th day of August, 2017.


_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE