UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BAHRAM ZAMANIAN                                              CIVIL ACTION

VERSUS                                                       NO: 17-1087

JEFFERSON PARISH HOSPITAL                                    SECTION: A (4)
SERVICE DISTRICT NO. 2, et al.

## ORDER

Before the Court is a **Motion for Partial Certification Pursuant to FRCP 54(b) (Rec. Doc. 29)** filed by Plaintiff Dr. Bahram Zamanian. Defendant Jefferson Parish Hospital Service District No. 2 (hereinafter referred to as "East Jefferson General Hospital" or "EJGH") opposes this motion. (Rec. Doc. 30). The motion, set for submission on November 15, 2017, is before the Court on the briefs without oral argument. This matter is set as a jury trial beginning on May 14, 2018 at 8:30 a.m. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the Plaintiff's motion should be **DENIED** for the reasons set forth below.

**I.   Background**

On August 14, 2017, this Court issued an **Order (Rec. Doc. 24)** dismissing Plaintiff's deprivation of due process claims under 42 U.S.C. § 1983 and the Louisiana Constitution.[1] The instant motion asks this Court to enter final judgment of the dismissed claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Dr. Zamanian seeks to have this Court enter partial final judgment so that he may take an immediate appeal to the United States Court of Appeals for the Fifth Circuit. (Rec. Doc. 29-1). In support of his motion, Dr. Zamanian advances one argument in favor of his assertion that the Court's August 14, 2017 Order should be entered as a final

---

[1] That Order denied Defendants' motion to dismiss Plaintiff's Louisiana state law claims for wrongful termination of Plaintiff's admitting privileges and breach of contract.

judgment under Rule 54(b). Dr. Zamanian argues that granting the opportunity to take an immediate appeal of his dismissed claims would result in sound judicial economy. (Rec. Doc. 29-1, pp. 3–4). Notably, this argument stems on the speculation that if this matter would proceed to trial, it would proceed as a bench trial rather than a jury trial. *Id.* Dr. Zamanian argues that counsel for EJGH suggested the remaining claims will be precluded from being tried by a jury pursuant to La. R.S. 13:5105.[2]

However, Dr. Zamanian uses an attenuated line of reasoning to argue that certifying his dismissed claims as a final judgment would be in the best interest of judicial economy. First, Dr. Zamanian states that if the Court denies the instant motion, it is likely the remaining claims would proceed to a bench trial. After the resolution of the bench trial and regardless of the Court's decision in that trial, Dr. Zamanian would take an appeal to review the Court's prior dismissal of his due process claims. Dr. Zamanian further speculates that if the Fifth Circuit were to find in his favor, his due process claims would be sent back to this Court to proceed before a jury. Additionally, if Dr. Zamanian is dissatisfied with the ruling from the prior bench trial, he would also seek a new trial of his remaining claims before the same jury. (Rec. Doc. 29-1, p. 4). Therefore, by certifying the dismissed claims as final judgment under Rule 54(b), the Court could avoid unnecessary multiple trials. (Rec. Doc. 29-1, p. 3). The argument further reasons that if this Court were to grant the instant motion to certify, the viability and availability of a jury trial could be resolved before any part of this matter proceeds to trial. *Id.* at p. 4.

EJGH opposes this motion. The crux of EJGH's argument is that Dr. Zamanian's argument is speculative. EJGH advances a second argument contending that Dr. Zamanian's instant motion

---

[2] LA. REV. STAT. ANN. § 13:5105 (2016) states in relevant part:
    A. No suit against a political subdivision of the state shall be tried by jury. Except upon a demand for jury trial timely filed in accordance with law by the state or a state agency or the plaintiff in a lawsuit against the state or state agency, no suit against the state or a state agency shall be tried by jury.

2

is untimely under Rule 59(e) of the Federal Rules of Civil Procedure and Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure. (Rec. Doc. 30, pp. 3–4).

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This Court's previous Order dismissing Dr. Zamanian's due process claims was entered on August 14, 2017 and the instant motion to amend that Order was filed 68 days later on October 24, 2017. Moreover, Rule 4(a)(1)(A) requires that the notice of appeal be filed with the district clerk within 30 days after entry of the judgment or the order appealed from. Fed. R. App. P. 4(a)(1)(A). EJGH argues that even if the Court's ruling had been certified as a partial final judgment, any appeal would be untimely under Rule 4(a)(1)(A).

## II. Legal Standard

In an action involving more than one claim for relief, or when multiple parties are involved, Federal Rule of Civil Procedure 54(b) permits a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Accordingly, the judgment must concern a separate and distinct claim (or claims), and it must in fact be a final determination of that claim (or claims). *See N.W. Enter. Inc. v. City of Houston*, 352 F.3d 162, 179 (5th Cir. 2003). The decision whether or not to make a Rule 54(b) determination is "left to the sound judicial discretion of the trial court." *Brown v. Mississippi Valley State University*, 311 F.3d 328, 332 (5th Cir. 2002), *citing Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).

## III. Law and Analysis

Defendants' argument that Plaintiff's motion should be denied as being untimely fails as a matter of law. Defendants argue that Plaintiff's motion should be considered a motion to alter or

amend a judgment under Rule 59(e), rather than a motion for certification as a final judgment under Rule 54(b). (Rec. Doc. 30, p. 3). Rule 59(e) allows a party to move to alter or amend a judgment within 28 days of its entry. Fed. R. Civ. P. 59(e). A motion to reconsider a judgment is treated as a Rule 59(e) motion to alter or amend that judgment, but when the motion concerns only an interlocutory ruling, as it does here, the appropriate vehicle for making the motion is a Rule 54(b) motion. *Livingston Downs Racing Ass'n Inc. v. Jefferson Downs Corp.*, 256 F. Supp. 2d 471 (M.D. La. 2002) (*citing Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350 (5th Cir. 1993)).

Contrary to Defendants' argument, Rule 54(b) does not contain any kind of time limit. *Id.* at 475. Rather, the only time limit on a Rule 54(b) motion to certify is that if the court issues an order that expressly states that there is no just reason for delay, the order becomes a judgment that is final and appealable. *Id.* Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Therefore, the Court may alter any earlier decision rendered at its discretion until a final judgment has been issued on a claim or on the case as a whole. *Livingston Downs*, at 475; *see also Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Authority*, 925 F.2d 812, 815 (5th Cir. 1991). In short, Rule 59(e) only applies to judgments.

The Court's August 14, 2017 Order did not dismiss all of Plaintiff's claims. This Court did not direct entry of judgment or determine that there was no just reason for delay. Consequently,

this Court's August 14, 2017 Order was not a judgment; the Rule 59(e) time limit does not apply to it; and this Court has the discretion to certify or amend its previous orders.[3]

However, the Court does agree that Plaintiff's reasoning for seeking partial certification is overly speculative. Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid "hardship or injustice through delay," and "should not be entered routinely as a courtesy to counsel." *PYCA Indus. V. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). Plaintiff has not shown that he would be prejudiced by a delay in entry of final judgment. As outlined above, Plaintiff's argument that he may be prejudiced by further delay is highly speculative and depends on the occurrence of several unlikely scenarios. The trial is currently set for May 14, 2018. A delay of a few months—while possibly inconvenient to Plaintiff— does not indicate that this is the sort of "infrequent harsh case" that Rule 54(b) was designed to address. *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984). Thus, Plaintiff's concerns of waiting for a final judgment to be entered on all claims does not outweigh the costs of piecemeal review.

**IV. Conclusion**

Although Plaintiff's motion is not untimely as Defendants would suggest, the Court finds no compelling reason to certify its August 14, 2017 Order as a final judgment. Plaintiff's argument is overly speculative and does not provide a compelling reason that would outweigh the Court's interest in avoiding piecemeal litigation.

---

[3] Plaintiff's motion is not untimely under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure for the same reasons that Plaintiff's motion is not untimely under Rule 59(e).

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion for Partial Certification Pursuant to FRCP 54(b) (Rec. Doc. 29)** is **DENIED WITH PREJUDICE.**

December 11, 2017

                                              JAY C. ZAINEY
                                   UNITED STATES DISTRICT JUDGE